**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 04-418 (JRT/RLE) |
| Plaintiff, | |
| v. | **ORDER** |
| KENJA OMARI DEANGELO CARMICHAEL, | |
| Defendant. | |

Thomas M. Hollenhorst, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Kenja Omari Deangelo Carmichael, No. 11894-041, MCFP Springfield, P.O. Box 4000, Springfield, MO 65801, *pro se* defendant.

On November 4, 2004, Kenja Carmichael was indicted for conspiring to distribute cocaine. (Indictment, Nov. 4, 2004, Docket No. 12.)[1] He pleaded guilty and was sentenced by the Court on October 24, 2005. (Sentencing J., Oct 24, 2005, Docket No. 30.) In 2010 and 2013, the Court held various proceedings regarding violations of the conditions of his supervised release. Many of these proceedings dealt with whether he was competent to stand trial or to understand the allegations that he violated his supervised release. On

---

[1] Except as otherwise noted, all docket citations are to the case before the Court, Case No. 04-418.

January 29, 2013, the Court found Carmichael competent to respond to the allegations of violations of his supervised release and held a hearing regarding those violations. (Order, Jan. 29, 2013, Docket No. 77.) At the hearing Carmichael admitted to committing violations in 2010. (*Id.*) However, the Court granted Carmichael credit for time served and released him from any future conditions of supervised release, ending his case with the Court. (*Id.*)

On October 29, 2018, he filed the present Motion with the Court to obtain transcripts relevant to the 2010 and 2013 hearings. (Pl.'s Mot. for Tr., Oct. 29, 2018, Docket No. 79.) Carmichael requests that the Court provide the transcripts at no cost to him. (*Id.* at 1.) Carmichael requests these transcripts because he plans to file an 18 U.S.C. § 2441 Petition for Habeas Corpus in the Western District of Missouri. (Mot. Showing Probable Cause at 4, Nov. 11, 2018, Docket No. 80.) Currently, Carmichael is confined in the Springfield Federal Medical Center in Missouri, pursuant to psychological evaluation ordered in a separate criminal case in this District. (*See* Criminal No. 14-045, Order Directing BOP to Conduct Assessment, June 11, 2015, Docket No. 40.) Carmichael intends to challenge his civil commitment using the § 2441 petition. (Am. Mot., Nov. 26, 2018, Docket No. 81.)

It is unclear under what specific authority Carmichael requests the free transcripts here. Regardless, Carmichael has not shown adequate need for them. "There is no statutory authority under 28 U.S.C.A. § 1915, 28 U.S.C.A. § 753, or elsewhere, allowing the expenditure of government funds as an aid to impecunious persons exploring the possibility of post conviction remedies." *Prince v. United States,* 312 F.2d 252, 253 (10th Cir. 1962) (*per curiam*); *see also United States v. Losing*, 601 F.2d 351, 353 (8th Cir. 1979)

("[a] prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction."). But that is precisely what Carmichael is seeking to do. He has not yet filed any motions with any court regarding his confinement, much less shown that such a motion would have merit. he is simply requesting transcripts in order to peruse them and attempt to find something that would support his claims.

Further, Carmichael has not shown how the requested transcripts would be helpful to a § 2241 petition. The hearings he pinpoints, and in fact all of the proceedings held before this Court, are irrelevant to his current confinement. As noted, Carmichael seeks to challenge his civil commitment. But his civil commitment was not ordered by this Court, nor were any of the Court's proceedings used to justify it. Instead, Carmichael's commitment came as the result of his case before Judge Doty. The requested transcripts could not assist him in any potential § 2241 claim he may bring, and "without a showing of the need," Carmichael is not entitled to a transcript at government expense. *Culbert v. United States,* 325 F.2d 920, 922 (8th Cir. 1964) (quoting *United States v. Glass*, 317 F.2d 200, 02 (1963)).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Carmichael's Motion for Transcripts [Docket No. 79] is **DENIED**.

2. Carmichael's Motion Showing Probable Cause [Docket No. 80] is **DENIED as moot**.

3. Carmichael's Amended Motion Showing Probable Cause [Docket No. 81] is

**DENIED as moot**.


DATED: January 2, 2019                       _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                 JOHN R. TUNHEIM
                                                                Chief Judge
                                         United States District Court